## In the Matter of Douglas D. SEELY, Jr.

### No. 780S194.

Supreme Court of Indiana.

Nov. 2, 1981.

Douglas D. Seely, Jr., Mishawaka, pro se.

Sheldon A. Breskow, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

#### PER CURIAM.

This proceeding is before the Court on a one-count Verified Complaint filed pursuant to Admission and Discipline Rule 23, Section 12, by the Disciplinary Commission of the Indiana Supreme Court. A Hearing Officer was appointed and has filed his Findings of Fact; neither party has petitioned for review.

There being no objection to the findings, this Court now adopts and accepts as its own the Findings of Fact submitted by the appointed Hearing Officer. Accordingly, this Court now finds that Douglas D. Seely, Jr., Respondent in this matter, was admitted to the practice of law in the State of Indiana on September 24, 1958, and presently maintains an office for the practice of law in Mishawaka, Indiana. In the course of his practice, Respondent was employed to represent a defendant charged with armed robbery in the Marshall Superior Court. A jury trial of this cause was scheduled to commence on January 16, 1980, at 9:00 A.M. before Special Judge Marvin D. McLaughlin.

On January 16, 1980, at 9:00 A.M., all parties with the exception of the Respondent were present and ready to proceed to trial. Respondent appeared in an intoxicated state approximately one hour late for the scheduled trial. Nevertheless, he indicated that he was ready to proceed with the trial. Throughout the preliminary proceedings and voir dire, the Respondent continuously disregarded admonishments by the judge concerning his conduct. He staggered when walking before the jury, and he fell asleep several times during the course of the morning proceedings.

At the noon recess the Respondent was at a tavern or bar in Plymouth, Indiana, drinking alcoholic beverages. At the time the trial was scheduled to resume on the afternoon of January 16, 1980, all parties with the exception of the Respondent were again present and ready to proceed. After some time passed the Respondent was observed in his automobile outside the Courthouse. The Respondent was either asleep or had passed out. The Respondent was brought into the Courthouse at which time the Court declared a mis-trial by reason of the Respondent being physically unable to proceed with the trial.

The foregoing findings establish that Respondent engaged in conduct which was undignified, discourteous and degrading to a tribunal. Such conduct is violative of Disciplinary Rule 7–106(C)(6). Furthermore, Respondent's conduct was prejudicial to the administration of justice, adversely reflects on his fitness to practice law and, as such, is violative of Disciplinary Rules 1–102(A)(5) and (6).

It is now the duty of this Court to impose a disciplinary sanction by reason of the

misconduct found under this cause. At first glance, the findings appear comedic, but, upon reflection, this scenario becomes a tragedy. Respondent's courtroom antics evince a total disregard for decorum and respect. And this disregard also extends to the interests of the Respondent's client, the very person the Respondent was obligated to protect. The end result is that the Respondent failed to meet his obligations to the legal system, to his client, and to his own self-respect. There is no greater tragedy than such total failure.

It is the responsibility of this Court to protect the public from attorneys who, for whatever reason, cannot meet the obligations imposed by the profession. In view of these considerations, we now find that a period of suspension from the practice of law is warranted. Accordingly, the Respondent, Douglas R. Seely, Jr., is hereby suspended from the practice of law in the State of Indiana for a period of ninety days beginning December 1, 1981.

Costs of this proceeding are assessed against Respondent.